UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LES CONTRUCTIONS BEAUCE ATLAS,

                         Plaintiff(s),          **ORDER**
                                                      CV 04-4361 (DRH) (WDW)
   -against-

LOW BID INC., et al.,

                         Defendant(s).
----------------------------------------------------------X
**WALL, Magistrate Judge:**

      Before the court is a letter motion by plaintiff, dated August 29, 2005, that seeks an order compelling defendants Low Bid Inc. and George McNulty ("defendants")[1] to respond to plaintiff's document demand and interrogatories. The motion is granted for the reasons set forth herein.

      Plaintiff served its Request for Production of Documents on defendants on May 20, 2005, and its Interrogatories on May 27, 2005. Responses were due by June 20, 2005 and June 27, 2005, respectively. Plaintiff's counsel states that he has had several conversations with Warren Berger, counsel for defendants, during which Mr. Berger promised to serve responses. When no responses were received, plaintiff was forced to adjourn defendant McNulty's deposition, which had been noticed for July 25, 2005. On July 28th, plaintiff wrote to Mr. Berger regarding the outstanding discovery, but received no answer to this communication. To date, defendants have not responded to the discovery demands.

      In a letter dated September 6, 2005, Mr. Berger notes that his only mode of communication with Mr. McNulty is via voice mail, and that although he is sure that there is a

---

[1] Three additional defendants, Kulka Contracting, LLC, Omega Moulding Co., and BKP Realty Associates, LLC, are not involved in this dispute.

"valid reason for the delay in this matter," he is "unable to present same until I speak with my client." Berger ltr., 9/6/05. The following day, Mr. Berger submitted a second letter stating that he spoke to McNulty, that the latter will be traveling to meet with the Project Manager for the jobs involved in the litigation on September 13, 2005, and that the bulk of the documentation requested by plaintiff had to be obtained from the Project Manager. Conspicuously absent from this letter is any explanation whatsoever of why defendants are just now preparing responses, and certainly nothing approaching a "valid reason for the delay."

Plaintiff's motion to compel responses to the document demand and interrogatories is granted; defendants shall serve their responses no later than **October 3, 2005.** Furthermore, defendants have waived any objections to the outstanding discovery demands. Federal Rule of Civil Procedure 33(b)(4) provides that any ground for objection "not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." The defendants have shown no cause at all for their failure to respond to the demands in a timely fashion. "It is well settled that a failure to assert objections to a discovery request in a timely manner operates as a waiver." *Eldaghar v. City of New York Dep't of Citywide Admin. Svces,* 2003 LEXIS 19247 *2 (S.D.N.Y. Oct. 20, 2003). In cases where, as here, no good cause has been shown for the late responses, a finding of waiver is appropriate. "Any other result would ignore the time limits set forth in the Federal rules of Civil Procedure, contribute further to the delay in resolving cases, and transform Article V of the Federal Rules of Civil Procedure from a structure of well-defined rights and obligations to a system of suggested, but non-binding, guidelines." *Id.* at * 3-4. Thus, any objections defendants may have had to the demands have been waived.

In addition, plaintiff is entitled to sanctions for the costs of this motion pursuant to Rule 37(a)(2) & (4). Rule 37(a)(4) provides that "[T]he court <u>shall</u> . . . require the party whose conduct necessitated the motion or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds . . . that the . . . nondisclosure . . . was substantially justified, or that other circumstances make an award of expenses unjust." (emphasis added). Defendants do not attempt in any way to explain their dilatory conduct. The court finds that defendants have not demonstrated that the failure to serve discovery responses was "substantially justified, or that other circumstances make an award of expenses unjust," and, without that showing, Rule 37 requires the imposition of such costs. Accordingly, plaintiff is awarded $250 as the reasonable expenses incurred in making the motion, including attorneys' fees.

The discovery deadline in this matter is currently October 24, 2005. Given defendants' failure to provide discovery, the court anticipates that some additional time will be needed to complete discovery. To that end, a conference will be held on **October 28, 2005 at 10:30 a.m.** to discuss the status of discovery and to determine the extent of any extensions.

Dated: Central Islip, New York　　　　　　　**SO ORDERED:**
　　　　 September 12, 2005

　　　　　　　　　　　　　　　　　　　　　　/s/ William D. Wall
　　　　　　　　　　　　　　　　　　　　　WILLIAM D. WALL
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge